PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAFIQ JONES, ) | |
| ) | CASE NO. 1:19-CV-1913 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STATE OF OHIO, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 15] |
| ) | |

Pending is Defendant Taylor Graves' motion to dismiss for failure to state a claim. ECF No. 15. The matter has been briefed. ECF Nos. 15, 20, and 21. For the reasons explained below, Defendant's motion is granted and the case is dismissed with prejudice.

## I. Introduction

### A. Factual Background

Plaintiff Rafiq Jones is an inmate currently incarcerated at Belmont Correctional Institute. Plaintiff's action pertains to an incident he alleges occurred during his tenure at Lorain Correctional Institution. ECF No. 1-1 at PageID #: 9. Plaintiff alleges he was struck in the eye with a roll of toilet paper when Graves, a corrections officer, threw it at him "[w]ithout warning or explanation." *Id*. He claims that there was damage to his eye and loss of vision. *Id*. According to Plaintiff, he was seen by "various unqualified medical professionals" but never was observed by an ophthalmologist. *Id*. Plaintiff indicates that this has resulted in loss of vision and sensory deprivation, "which has necessitated continuous chronic care" and claims to suffer physical, mental, and emotional pain and distress. *Id*. at PageID#: 9-10.

(1:19CV1913)

### B. Previous State Court Action

Plaintiff filed a similar action against the Ohio Department of Rehabilitation and Correction ("ODRC") in Ohio state court stemming from the aforementioned incident with Defendant Graves. ECF No. 15-1. ODRC moved for summary judgment and the state court granted the motion. ECF No. 15-3; ECF No. 15-2. The granting of summary judgment was affirmed on appeal. *Jones v. Ohio Department of Rehabilitation and Correction*, 2019 WL 1529838 (Ohio Ct. App. Mar. 12, 2019).

### C. Procedural History

Plaintiff originally filed this action in the Southern District of Ohio. *See* ECF No. 1-1. After an initial screening of the Complaint was conducted, the Magistrate Judge recommended that Plaintiff's claims against Defendants State of Ohio, ORDC, and the ORDC's Director be dismissed with prejudiced and that the action be transferred to the Northern District of Ohio. ECF No. 5 at PageID #: 59. The Southern District of Ohio adopted the Magistrate Judge's recommendation and transferred this action to the Northern District of Ohio with Defendant Graves as the only remaining defendant in the case. ECF No. 9 at PageID #: 73. Plaintiff raises claims against Defendant for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. ECF No. 1-1 at PageID #: 10-15.

## II. Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough

2

(1:19CV1913)

facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may dismiss a claim if it finds, on the face of the pleading, that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings [or a motion to dismiss], all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "must construe the complaint in the light most favorable to [the] plaintiff[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Although the Court construes *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the

3

(1:19CV1913)

dismissal standard pursuant to Fed. R. Civ. P. 12(b)(6) standard applies to *pro se* pleadings. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III. Discussion

Defendant asserts two bases for dismissal: the *Leaman* doctrine and res judicata. The Court addresses each below respectively.

#### A. *Leaman* Doctrine

Defendant claims that Plaintiff's Complaint is barred by the *Leaman*[1] doctrine. Ohio Rev. Code § 2743.02(A)(1) permits an individual to raise claims against the state but this constitutes a "complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." In *Leaman v. Department of Mental Retardation & Developmental Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), the Sixth Circuit recognized that "[t]he Ohio Court of Claims Act waives the state's sovereign immunity and declares that the state consents to be sued in the Court of Claims." *Leaman*, 825 F.2d at 951. The statute establishes a "quid pro quo, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees." *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995). "The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the

---

[1] *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc).

4

(1:19CV1913)

Court of Claims based on the same claim." *Plinton v. Cty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008).

The Court must also determine whether Plaintiff knowingly waived his claims against Defendant when he filed his state court action against ORDC. Plaintiff's waiver of his remaining claims in this action must be dismissed under the *Leaman* doctrine if the waiver was "knowing, intelligent, and voluntary." *Leaman*, 825 F.2d at 956. Plaintiffs represented by counsel are presumed to have satisfied these requirements. *Id*. No such presumption exists when the plaintiff is proceeding *pro se*. *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003). Instead, the Court must make factual findings to determine whether Plaintiff knowingly, intelligently, and voluntarily waived his right to sue Defendant in federal court by filing the previous action in the Ohio Court of Claims. *Id*.

When determining whether Plaintiff knowingly made the waiver, the Court may consider "the pro se plaintiff's prior litigation experience, the coherency of his filings in both the federal and Court of Claims matters, and whether the litigant referenced the statutory waiver provision in the filings." *Troche v. Crabtree*, 2014 WL 2211012, at *3 (S.D. Ohio May 28, 2014). A *pro se* litigant knowingly waives any cause of action in federal court if he has "an above-average understanding of the law for a *pro se* litigant." *Williams v. Smith*, 2006 WL 2192470, at *10 (S.D. Ohio Aug. 1, 2006). A *pro se* plaintiff is more likely to be found to have knowingly

5

(1:19CV1913)

waived his right if he refers to the Ohio waiver statute in his pleadings.  *See Helfinstine v. Lawless,* 2019 WL 4118786, at *3 (S.D. Ohio Aug. 29, 2019); *Brown v. Mason*, 2012 WL 2892036, at * 2 (S.D. Ohio July 16, 2012).

Plaintiff's Complaints in the state case and this case are intelligible and coherently organized.  *See* ECF No. 15-1; ECF No 1-1.  Other than this action and the prior state court case, Plaintiff has also filed a habeas action under 28 U.S.C. § 2254.  *See* Jones v. Gray, Case No. 1:19-cv-159.  Although none of Plaintiff's filings explicitly refer to the statutory waiver, *see* ECF No. 15-1; ECF No. 1-1, Plaintiff only sued ORDC in the state court action as opposed to Defendant Graves, which evinces a knowledge that the waiver statute only permits actions against the state.  *See* Ohio Rev. Code. § 2743.02(E).  Along with the coherency of Plaintiff's filings, his litigation experience, and the evidence suggesting an understanding of the waiver statute, the Court finds that Plaintiff has knowingly waived his right to file this action against Defendant in federal court.  *See Williams v. Smith*, 2006 WL 2192470, at * 10 (S.D. Ohio Aug. 1, 2006) (finding *pro se* plaintiff was an experienced litigator because he filed three previous lawsuits and noting that the Amended Complaint was properly organized).

Accordingly, Plaintiff's Complaint is barred by the *Leaman* doctrine.

**B. Claim Preclusion**

Even if the *Leaman* doctrine does not bar Plaintiff's action, his claims are nevertheless barred by claim preclusion under Ohio law.  State court judgments must be given the same

(1:19CV1913)

preclusive effects in federal court. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). The Court "must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Id.* (citation omitted). Accordingly, Ohio law determines the preclusive effect of the state court judgment. Under Ohio law, four elements comprise claim preclusion:

> (1) a prior, final valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction that was the subject matter of the previous action.

*Id.* (citation omitted).

The first element is satisfied because the Ohio Court of Claims granted ORDC summary judgment regarding Plaintiff's claims. *See Lenoir v. Ohio Dep't of Rehab. and Corr.*, 2019 WL 3892470, at *5 (S.D. Ohio Aug. 16, 2019) ("The judgment entered by the Ohio Court of Claims in favor of [ORDC] operates as an adjudication on the merits for res judicata purposes."). Defendant Graves, as an employee of ORDC, is in privity with ORDC. *Id.*; *Harris v. Karl*, 2006 WL 2381591, at *1 (S.D. Ohio Aug. 16, 2006). Although Plaintiff did not raise constitutional claims in the first action, he could have done so. The same factual allegations that served as the basis for Plaintiff's state action are reasserted in this federal action. Because all of the elements are satisfied, claim preclusion bars Plaintiff from raising his claims against Defendant.

(1:19CV1913)

## **IV. Conclusion**

For the foregoing reasons, Defendant's motion is granted and Plaintiff's Complaint is dismissed with prejudice. The Case Management Conference scheduled for January 27, 2020 at 2:00 p.m. is cancelled. The Court further certifies pursuant to [28 U.S.C. § 1915(a)(3)](28 U.S.C. § 1915(a)(3)) that an appeal from this Order cannot be taken in good faith.

    IT IS SO ORDERED.

  January 17, 2020                           */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                                United States District Judge